**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LTD.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 6:21-cv-00616<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AGAINST GOOGLE LLC**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Scramoge Technology Limited ("Plaintiff" or "Scramoge") makes the following allegations against Defendant Google LLC ("Defendant" or "Google"):

## INTRODUCTION

1. This complaint arises from Google's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in wireless charging of mobile devices: United States Patent Nos. 9,843,215 ("the '215 Patent"), 10,367,370 ("the '370 Patent"), 10,804,740 ("the '740 Patent"), and 9,997,962 ("the '962 Patent") (collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff Scramoge Technology Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building,

Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Scramoge is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3. Defendant Google LLC is a wholly-owned subsidiary of Alphabet, Inc. and a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google may be served with process through its registered agent, the Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701. Google is registered to do business in the State of Texas and has been since at least November 17, 2006.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Google in this action because Google has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Google would not offend traditional notions of fair play and substantial justice. Google, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Google is registered to do business in Texas, and upon information and belief, Google has transacted business in this District and have committed acts of direct and indirect infringement in this District

by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Google has regular and established places of business in this District, including at 500 West 2nd Street, Austin, Texas 78701.[1] As of June 2019, Google had more than 1,100 employees in Austin.[2] Google currently has, as of June 2021, over 200 job postings for Austin, Texas.[3]

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 9,843,215**

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,843,215, entitled "Wireless charging and communication board and wireless charging and communication device." The '215 Patent was duly and legally issued by the United States Patent and Trademark Office on December 12, 2017. A true and correct copy of the '215 Patent is attached as Exhibit 1.

9. On information and belief, Google makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation the Pixel 3, 3XL, 4, 4XL, and 5 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one

---

[1] *See, e.g.*, https://www.kvue.com/article/money/economy/boomtown-2040/google-austin-texas-real-estate-report/269-2ce6e60e-e8c3-46f5-aca6-864175e67950.

[2] *See, e.g.*, https://www.bizjournals.com/austin/news/2019/06/14/google-confirms-austin-expansion-will-begin-moving.html#:%7E:text=Google%20currently%20has%20more%20than,people%20operations%2C%20finance%20and%20marketing.

[3] *See* https://careers.google.com/jobs/results/?location=Austin,%20TX,%20USA.

or more claims of the ’215 Patent. Identification of the Accused Products will be provided in Plaintiff’s infringement contentions disclosed pursuant to the Court’s scheduling order.

10. The Accused Products satisfy all claim limitations of one or more claims of the ’215 Patent. A claim chart comparing exemplary independent claim 1 of the ’215 Patent to representative Accused Products is attached as Exhibit 2.

11. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Google has injured Plaintiff and is liable for infringement of the ’215 Patent pursuant to 35 U.S.C. § 271.

12. As a result of Google’s infringement of the ’215 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

13. Google’s infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the ’215 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 10,367,370

14. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,367,370, entitled “Wireless charging and communication board and wireless charging and communication device.”

The ’370 Patent was duly and legally issued by the United States Patent and Trademark Office on July 30, 2019. A true and correct copy of the ’370 Patent is attached as Exhibit 3.

16. On information and belief, Google makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation the Pixel 3, 3XL, 4, 4XL, and 5 (“Accused Products”), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’370 Patent. Identification of the Accused Products will be provided in Plaintiff’s infringement contentions disclosed pursuant to the Court’s scheduling order.

17. The Accused Products satisfy all claim limitations of one or more claims of the ’370 Patent. A claim chart comparing exemplary independent claim 1 of the ’370 Patent to representative Accused Products is attached as Exhibit 4.

18. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Google has injured Plaintiff and is liable for infringement of the ’370 Patent pursuant to 35 U.S.C. § 271.

19. As a result of Google’s infringement of the ’370 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

20. Google’s infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the ’370 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 10,804,740**

21. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,804,740, entitled "Wireless power receiver and method of manufacturing same." The '740 Patent was duly and legally issued by the United States Patent and Trademark Office on October 13, 2020. A true and correct copy of the '740 Patent is attached as Exhibit 5.

23. On information and belief, Google makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation the Pixel 3, 3XL, 4, 4XL, and 5 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '740 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

24. The Accused Products satisfy all claim limitations of one or more claims of the '740 Patent. A claim chart comparing exemplary independent claim 1 of the '740 Patent to representative Accused Products is attached as Exhibit 6.

25. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Google has injured Plaintiff and is liable for infringement of the '740 Patent pursuant to 35 U.S.C. § 271.

26. As a result of Google's infringement of the '740 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's

infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

27. Google's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '740 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**COUNT IV**

**INFRINGEMENT OF U.S. PATENT NO. 9,997,962**

28. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,997,962, entitled "Receiving antenna and wireless power receiving device including the same." The '962 Patent was duly and legally issued by the United States Patent and Trademark Office on June 12, 2018. A true and correct copy of the '962 Patent is attached as Exhibit 7.

30. On information and belief, Google makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation the Pixel 3, 3XL, 4, 4XL, and 5 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '962 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

31. The Accused Products satisfy all claim limitations of one or more claims of the '962 Patent. A claim chart comparing exemplary independent claim 1 of the '962 Patent to representative Accused Products is attached as Exhibit 8.

32. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Google has injured Plaintiff and is liable for infringement of the ’962 Patent pursuant to 35 U.S.C. § 271.

33. As a result of Google’s infringement of the ’962 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

34. Google’s infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the ’962 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Google has infringed, either literally and/or under the doctrine of equivalents, the ’215, ’370, ’740, and ’962 Patents;

b. A permanent injunction prohibiting Google from further acts of infringement of the ’215, ’370, ’740, and ’962 Patents;

c. A judgment and order requiring Google to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Google’s infringement of ’215, ’370, ’740, and ’962 Patents;

d. A judgment and order requiring Google to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

e. A judgment and order requiring Google to provide an accounting and to pay

supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Google; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: June 15, 2021

Respectfully submitted,

*/s/Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
James A. Milkey (CA SBN 281213)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Brett E. Cooper (NY SBN SBN 4011011)
bcooper@raklaw.com
Drew B. Hollander (NY SBN 5378096)
dhollander@raklaw.com
Seth Hasenour (TX SBN 24059910)
shasenour@raklaw.com

RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Scramoge Technology Limited***