**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LTD., | |
| Plaintiff, | Case No. 6:21-cv-00616-ADA |
| v. | JURY TRIAL DEMANDED |
| GOOGLE LLC, | ██████████ |
| Defendant. | REDACTED DOCUMENT |

**GOOGLE LLC'S OPPOSED MOTION TO TRANSFER VENUE TO THE**
**NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................... 1

II.  BACKGROUND ..................................................................................................... 2

    A.   Relevant Third-Party Witnesses And Evidence Are in The N.D. Cal ............................ 2

    B.   All of Google's Relevant Evidence and Witnesses Are In The N.D. Cal. ..................... 3

    C.   Plaintiff's Evidence And Witnesses Are Not In The W.D. Tex. ................................... 4

III. ARGUMENT ......................................................................................................... 4

    A.   Plaintiff Could Have Brought This Action In The N.D. Cal. ....................................... 5

    B.   All Private Interest Factors Are Neutral Or Favor Transfer To The N.D. Cal. .............. 5

        1.   Availability Of Compulsory Process Favors Transfer To The N.D. Cal. ..................... 6

        2.   Cost of Attendance For Willing Witnesses Heavily Favors Transfer To The N.D. Cal. ............................................................................................................. 7

        3.   Relative Ease Of Access To Sources Of Proof Favors Transfer To The N.D. Cal. ................................................................................................................ 10

        4.   There Are No Practical Problems With Transferring This Case ................................ 11

    C.   The Public Interest Factors Also Favor Transfer ..................................................... 12

        1.   The N.D. Cal. Has A Strong Local Interest In This Dispute, While W.D. Tex. Has None ...................................................................................................... 12

        2.   The Remaining Public Interest Factors Are Neutral ............................................. 13

IV.  CONCLUSION ..................................................................................................... 15

# TABLE OF AUTHORITIES

*10Tales, Inc. v. TikTok Inc.*,
No. 6:20-CV-00810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021) .................. *passim*

*Adaptix, Inc. v. HTC Corp.*,
937 F. Supp. 2d 867 (E.D. Tex. March 28, 2013) .................................................... 6

*In re Adobe Inc.*,
823 F. App'x 929 (Fed. Cir. 2020) .................................................................... 9, 14

*Aguilar-Ayala v. Ruiz*,
973 F.2d 411 (5th Cir. 1992) .................................................................................. 6

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020) ..................................................................... 10, 12

*In re Apple, Inc.*,
581 F. App'x 886 (Fed. Cir. 2014) ........................................................................ 7

*Bluebonnet Internet Media Servs., LLC v. Pandora Media, LLC*,
No. 6-20-CV-00731-ADA, 2021 WL 3134262 (W.D. Tex. July 22, 2021) ........................... 13

*Correct Transmission LLC v. ADTRAN, Inc.*,
No. 6:20-CV-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ......................... 10

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017) ............................................................................ 5

*Fintiv, Inc. v. Apple, Inc.*,
No. 6:18-CV-00372-ADA, 2019 WL 4743678 (W.D. Tex. Sept. 10, 2019) ......................... 6

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) .................................................................... *passim*

*Harland Clarke Holdings Corp. v. Milken*,
997 F. Supp. 2d 561 (W.D. Tex. 2014) ................................................................ 15

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2008) .......................................................................... 12

*In re HP Inc.*,
826 F. App'x 899 (2020) ..................................................................................... 11

*Koss Corp. v. Apple, Inc.*,
6:20-cv-00665-ADA, Order, ECF No. 76 (W.D. Tex. April 22, 2021) .................................. 14

*Moskowitz Family LLC v. Globus Med.*,
    No. 6:19-cv-00672, 2020 WL 4577710 (W.D. Tex. July 2, 2020)...................................10, 11

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009)........................................................................................2, 5, 13

*Parus Holdings Inc. v. LG Elecs. Inc.*,
    No. 6:19-CV-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020).....................9, 14

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981).................................................................................................................5

*Polaris Innovations, Ltd. v. Dell, Inc.*
    No. SA-16-CV-451-XR, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016)..................................8

*In re Radmax, Ltd.*,
    720 F.3d 285 (5th Cir. 2013) ................................................................................................15

*In re Samsung Elecs. Co., Ltd.*,
    2 F.4th 1371 (Fed. Cir. 2021) .....................................................................................7, 12, 13

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014)...............................................................................................5

*In re Tracfone Wireless, Inc.*,
    No. 2021-136, 852 Fed. Appx. 537 (Fed. Cir. Apr. 20, 2021) ................................................9

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)...................................................................................5, 12, 15

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ...............................................................................................8, 9

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (*en banc*) ..................................................................... *passim*

**Statutes**

28 U.S.C. § 1400(b) ........................................................................................................................5

28 U.S.C. § 1404(a) ............................................................................................................. *passim*

28 U.S.C. § 1783..............................................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)................................................................................................................6, 7

I.    **INTRODUCTION**

This Court should transfer this action against Google LLC ("Google") brought by an Irish non-practicing entity and related to technology with no relevant ties to this District.   Google respectfully requests the transfer of this case under 28 U.S.C. § 1404(a) to the Northern District of California ("N.D. Cal.").   The N.D. Cal. is clearly more convenient than the Western District of Texas ("W.D. Tex.") and is the proper venue for this action.

- First, Plaintiff Scramoge Technology Limited ("Plaintiff" or "Scramoge") alleges infringement by Google because of the custom wireless charging components found in Google's Pixel 3, 3XL, 4, 4XL, and 5 smartphones (collectively, the "Pixel Products").   The Pixel Products' custom wireless charging components and functionality are designed and developed in the N.D. Cal.   Two of the three third-party suppliers who provide the charging components at issue to Google maintain their United States offices in the N.D. Cal.   The remaining third-party supplier is in Southern California.

- Second, Plaintiff has no relevant ties to the W.D. Tex.   Plaintiff does not have any places of business in Texas.   Plaintiff is incorporated in and operates out of Dublin, Ireland.   Plaintiff is a patent assertion entity that does not make, use, sell, or offer to sell any products.   Plaintiff acquired the patents-in-suit from a third party with no connection to the W.D. Tex.   The original assignee of the patents-in-suit is in Seoul, Korea.

The only relevant ties that Google or any third parties have are in California.   Google's headquarters are in the N.D. Cal., along with **all** identified relevant witnesses and sources of proof, including physical sources of proof.   Additionally, the majority of the relevant third parties (two out of the three foreign suppliers of the component parts at issue), have locations in N.D. Cal.

Accordingly, all of the relevant evidence in the United States is in California (if not the N.D. Cal.). There is no relevant evidence or witness in the W.D. Tex.

Where, as here, "the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff," the case should be transferred.  *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009)).

## II.    <u>BACKGROUND</u>

This patent case involves wireless charging technology for smartphones—components developed outside this District by companies with no ties to Texas.  Dkt. 1, ¶¶ 9, 16, 23, 30.  Google places those components in its Pixel Products.  Similar to the majority of the component vendors, Google's relevant design, development, testing, and implementation, as well as marketing and sales, information for its Pixel Products are in the N.D. Cal.

Google, however, does not make or sell the wireless charging components that are at issue. Google designs and develops, then sources these wireless charging components in the N.D. Cal. from third-party suppliers, two of which have their U.S. offices in the N.D. Cal. (the third has its U.S. offices in Southern California).  Upon receipt, Google tests and implements these components with its Pixel Products in the N.D. Cal.  (Declaration of Andrew Rope ("Rope Decl.") ¶¶ 5, 18.) Plaintiff does not dispute that it has no ties to Texas.  Dkt. 1, ¶ 2.  There are no relevant third parties with links to Texas.

Accordingly, all relevant witnesses and evidence regarding the patents-in-suit, the accused Pixel Products, and relevant components are in California, with the vast majority in the N.D. Cal. There is no relevant evidence in the W.D. Tex.

### A.    **Relevant Third-Party Witnesses And Evidence Are in The N.D. Cal**

Google's suppliers for the majority of the wireless charging components for its Pixel Products have their U.S. offices in the N.D. Cal.  (Declaration of Bijal V. Vakil ("Vakil Decl.") at

Exs. 3, 4; *see* Rope Decl. ¶ 6.)[1]  Indeed, Google interfaces directly with employees in these N.D.

Cal. offices in the design, development, and testing of the accused wireless charging components.

(*See* Rope Decl. ¶ 6.)  Accordingly, the majority of the third-party employees with technical,

financial, and marketing knowledge—which would necessarily include management and sales

staff—about the relevant wireless charging components within subpoena power of a United States

district court, are in the N.D. Cal.  Specifically:

- ████████████████████████████████████████ with a

  principal U.S. office in ███████ California (in the N.D. Cal.) (Vakil Decl. at Ex.

  3; *see* Rope Decl. ¶ 6); and,

- ████████████████████████████████ with a principal U.S. office

  in ██████ California (in the N.D. Cal.) (Vakil Decl. at Ex. 4; *see* Rope Decl. ¶ 6.)

**B.    All of Google's Relevant Evidence and Witnesses Are In The N.D. Cal.**

Both Google's global headquarters (Mountain View, California) and the majority of its

U.S. workforce are in the N.D. Cal.  (Rope Decl. ¶ 3.)  All of the Google employees likely to have

relevant technical, financial, and marketing knowledge about the accused Pixel Products (and the

specific technology at issue) are also there.  These include the Google employees identified in the

accompanying Declaration of Andrew Rope.  (*See id*. ¶¶ 7-16.)

Moreover, all of the relevant technical, financial, and marketing documents for the Pixel

Products (and the Pixel's use of wireless charging technology at issue) are located in the N.D. Cal.

(*Id.* ¶ 18.).  None of the relevant evidence that Plaintiff would use to support its claims is located

in the W.D. Tex.  (*See id.* ¶¶ 17–18.)  Although Google has offices in Austin, no Google employees

---

[1] The third supplier to Google, █████████████████████████ with its U.S.
offices located in Southern California.  (Vakil Decl. at Ex. 5; *see* Rope Decl. ¶ 6.)

in Austin—or anywhere else in Texas—appear knowledgeable about technical, financial, sales, or

marketing issues for the accused Pixel Products.  (*Id.*)

### C.    Plaintiff's Evidence And Witnesses Are Not In The W.D. Tex.

Plaintiff is a patent assertion entity with no ties to the W.D. Tex.  (*See* Vakil Decl. at Exs.

1, 2, 6–9.)  Plaintiff admits that "its principal place of business [is] at The Hyde Building, Suite

23, The Park, Carrickmines, Dublin 18, Ireland."  Dkt. 1, ¶ 2.  There is no record of Plaintiff's

registration with the Texas Secretary of State.  Similarly, there is no record of Plaintiff having any

physical presence in the state of Texas.  (Vakil Decl. at Exs. 1, 2.)

## III.    <u>ARGUMENT</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought[.]"  28

U.S.C. § 1404(a).  In the Fifth Circuit, when a movant "clearly demonstrate[s] that a transfer is

'[f]or the convenience of parties and witnesses, [and] in the interest of justice,'" the district court

"should" grant transfer under 28 U.S.C. § 1404(a).  *In re Volkswagen of Am., Inc.*, 545 F.3d 304,

312 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*").  To evaluate transfer under 28 U.S.C. § 1404(a),

courts first consider "whether a civil action 'might have been brought' in the destination venue."

*Id.*  If so, courts weigh eight private and public factors:

> (1) the relative ease of access to sources of proof, (2) the availability of compulsory
> process to secure the attendance of witnesses; (3) the cost of attendance for willing
> witnesses; (4) all other practical problems that make trial of a case easy, expeditious
> and inexpensive[;] . . .  [5] the administrative difficulties flowing from court
> congestion; [6] the local interest in having localized interests decided at home;
> [7] the familiarity of the forum with the law that will govern the case; and [8] the
> avoidance of unnecessary problems of conflict of laws [or in] the application of
> foreign law.

*Id.* at 315 (internal citations and quotation marks omitted).  The proposed transferee forum is

"clearly more convenient" where, as here, most potential witnesses and relevant evidence are

concentrated in the transferee district.  *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014); *see also Nintendo*, 589 F.3d at 1198.  The determination is not whether the "transferee forum is *far* more convenient."  *Toyota*, 747 F.3d at 1341 (emphasis in original).  Nor does Plaintiff's choice of venue carry any weight.  *Nintendo*, 589 F.3d at 1200.

### A.     Plaintiff Could Have Brought This Action In The N.D. Cal.

The "preliminary question under [28 U.S.C. §] 1404(a) is whether a civil action 'might have been brought' in the destination venue."  *Volkswagen II*, 545 F.3d at 312.  Here, there is no dispute that Google's headquarters are in the N.D. Cal.  Dkt. 1, ¶ 3.  Moreover, there is also no dispute that Plaintiff could have filed this lawsuit in the N.D. Cal., where Google has a "regular and established place of business."  28 U.S.C. § 1400(b); *see In re Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Plaintiff's choice of venue is not relevant to this question.  *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." (citing *Volkswagen II*, 545 F.3d at 314 n. 10)); *cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981) ("Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.").  Accordingly, the transfer analysis turns on weighing the private and public interest factors.

### B.     All Private Interest Factors Are Neutral Or Favor Transfer To The N.D. Cal.

The private interest factors strongly favor transfer to the N.D. Cal.  *First,* availability of compulsory process weighs in favor of transfer, because, unlike the N.D. Cal., the W.D. Tex. lacks subpoena power over the third-party witnesses who are involved in the design, development, production, marketing, and sale of the relevant charging components at issue.  *Second,* the cost of attendance for witnesses favors transfer because Google employees with relevant knowledge of

the Pixel Products, and most third-party employees with knowledge of the relevant charging components, are in the N.D. Cal. *Third,* the relative ease of access to sources of proof favors transfer, because all relevant technical, marketing, and sales documents, as well as physical samples, both from Google and third-party component makers and vendors, are in the N.D. Cal. In contrast, this case has no connection to the W.D. Tex.

        1.      **Availability Of Compulsory Process Favors Transfer To The N.D. Cal.**

The private interest factor of compulsory process weighs in favor of transfer to the N.D. Cal.  A court may subpoena a person to attend a trial (a) within 100 miles of where that person resides or works, or (b) within the state where that person resides or works when the witness is a party, an officer of the party, or would not incur substantial expense to attend trial.  Fed. R. Civ. P. 45(c)(1); *see id.* 36(b)(6) (providing for subpoenas directed to "a public or private corporation, a partnership, an association, a governmental agency, or other entity").  Because the ability to subpoena third-party witnesses to trial is crucial for evaluating a witnesses' testimony, *see 10Tales*, 2021 WL 2043978, at *3 (citing *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992), "[t]ransfer is strongly favored" where, as here, a transferee district, "has absolute subpoena power over a greater number of non-party witnesses,"  *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. March 28, 2013).  "Determining convenience requires considering 'the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order.'"  *See 10Tales*, 2021 WL 2043978, at *3 (quoting *Fintiv, Inc. v. Apple, Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 10, 2019)); *see Volkswagen II*, 545 F.3d at 3.

Here, material third-party witnesses, such as the three third-party component suppliers, who provide Google with the components at the heart of Plaintiff's infringement theory, have their U.S. offices in California. *Supra* Section II.A.  Two of the three suppliers have their U.S. offices

within the subpoena power of the N.D. Cal.—█████████████████  *Id.*  The third, ████████,

is in Southern California.  *Id.*  None are within the subpoena power of the W.D. Tex.  *Id.*  Further,

the employees of these third-party suppliers, who can best speak to the technical and marketing

aspects of the relevant charging components, are all likely in California and not in the W.D. Tex.

*Id.*; *see* Fed. R. Civ. P. 36(b)(6), 45(c)(1).

      In contrast, Google is not aware of any relevant third-party witnesses, corporate or

otherwise, in the W.D. Tex. or Texas more generally.  As such, "this factor 'weigh[s] heavily in

favor of transfer,'" because "'more third-party witnesses reside within the transferee venue than

reside in the transferor venue.'"  *10Tales*, 2021 WL 2043978, at *3 (quoting *In re Apple, Inc.*, 581

F. App'x 886, 889 (Fed. Cir. 2014)); *see id.* ("10Tales' failure to identify even a single relevant

witness that this Court could exercise its subpoena power over, however, ultimately compels the

conclusion that this factor favors transfer."); *see also In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371,

1379 (Fed. Cir. 2021) ("[B]ecause these potential witnesses reside in Northern California, transfer

ensures that the transferee court could compel these individuals to appear.").

      The prior assignee and all the inventors of the asserted patents appear to be located in South

Korea.  *See* Dkt. 1 at Exhibits 1, 3, 5, and 7 (patents-in-suit); *see also* (Vakil Decl. at Exs. 6–9).

These third-party witnesses, who reside in neither California nor Texas, will need to be subpoenaed

under 28 U.S.C. § 1783 regardless.  *See* 28 U.S.C. § 1783 (providing for "[s]ubpoena of [a] person

in [a] foreign country").

      In sum, there is not a single third-party witness in this District.  Because there is a

disproportionate number of third-party witnesses in the N.D. Cal. (two of the three suppliers of the

accused technology) compared to zero in this District, this factor weighs in favor of transfer.

      **2.    Cost of Attendance For Willing Witnesses Heavily Favors Transfer To The N.D. Cal.**

The "convenience and cost" for witnesses to travel and attend trial is "an important factor" in determining whether the transferee forum is "clearly more convenient." *Genentech,* 566 F.3d at 1343.  Further, while Courts "routinely afford more weight to the convenience and cost for non-party witnesses," they may "also appropriately consider[] the cost of attendance of all willing witnesses." *Polaris Innovations, Ltd. v. Dell, Inc.* No. SA-16-CV-451-XR, 2016 WL 7077069, at *6 (W.D. Tex. Dec. 5, 2016) (citations omitted).  Under the Fifth Circuit's 100-mile rule, "[w]hen the distance between an existing venue for trial. . . . and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004) ("*Volkswagen I*").

Google employees with technical, financial, and marketing knowledge of the Pixel Products are located in the N.D. Cal.  (Rope Decl. ¶¶ 7–16.)  The lead hardware and software engineers for the development and testing of the Pixel Products, including for implementation of the accused wireless charging component, are in the N.D. Cal.  (Rope Decl. ¶¶ 7–10).  Further, most, if not all, relevant third-party employees are also in the N.D. Cal. or California.  *Supra* Section II.A.  For these Google and third-party employees, "it is more convenient [] to testify at home" in the N.D. Cal.  *See Volkswagen II*, 545 F.3d at 317.  There is no direct flight from the Bay Area to Waco.  Traveling to Waco from the Bay Area requires almost four hours of flight time, not including traveling to and from and waiting at the airport.  (Vakil Decl. at Exs. 10–14.)  The long trips and overnight stays in Waco will lead to lost productivity and disruption to the witnesses' lives while "being away from work, family and community."  *Volkswagen II*, 545 F.3d at 317.

In contrast, should this Court transfer this case to the N.D. Cal., Google and third-party employees could readily travel back and forth between the court and their homes—a "thirty

minutes [to] an hour" commute as compared to traveling "five or six hours one-way" to Waco. *Volkswagen I,* 371 F.3d at 205 ("[T]he task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities get increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes to an hour."); *see also* Vakil Decl. at Exs. 10, 11, 12. "[T]his Court has previously recognized Google's strong presence in the [N.D. Cal.]." *See 10Tales, Inc. v. TikTok Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *3 (W.D. Tex. May 21, 2021); *see also Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-CV-00432-ADA, 2020 WL 4905809, at *5-6 (W.D. Tex. Aug. 20, 2020).

Further, Google is not aware of any relevant witness to this case who resides in the W.D. Tex.  Indeed, Scramoge, a company with its principal place of business in Ireland, has not identified any witness or evidence in the W.D. Tex.  Dkt. 1, ¶ 2; *see generally id.* (failing to identify any witness or evidence in the W.D. Tex., citing only the existence of Google's Austin office for the minimum contacts required for personal jurisdiction).  Those individuals who do not reside in California—whether Scramoge employees, the prior assignees, and inventors of the asserted patents, or any additional third-party witnesses—live abroad, and therefore "will be inconvenienced by extensive travel regardless of the forum," such that "the '100 mile' rule should not be rigidly applied."  *10Tales*, 2021 WL 2043978, at *4 (citing *Genentech*, 566 F.3d at 1344). Accordingly, transfer is appropriate here because Google has "identified a significant number of its own employees as potential witnesses who reside in the [N.D. Cal]," while Plaintiff's "own employees will be coming from outside both districts."  *In re Adobe Inc.*, 823 F. App'x 929, 931 (Fed. Cir. 2020); *see also In re Tracfone Wireless, Inc.*, 852 Fed. Appx. 537, 538–39 (Fed. Cir. Apr. 20, 2021) (finding that the convenience of witnesses favored transfer where "no party

identified any witness residing in the Western District of Texas" and "several of [defendant]'s likely employee witnesses resid[ed] in the transferee venue").

### 3. Relative Ease Of Access To Sources Of Proof Favors Transfer To The N.D. Cal.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents," and other physical evidence, "are kept weighs in favor of transfer to that location."  *10Tales*, 2021 WL 2043978, at *2 (citing *In re Apple Inc*., 979 F.3d 1332, 1340 (Fed. Cir. 2020)).  Further, as this Court has noted, "the physical location of electronic documents does affect the outcome of this factor."  *Moskowitz Family LLC v. Globus Med.*, No. 6:19-cv-00672, 2020 WL 4577710, at *3 n.2 (W.D. Tex. July 2, 2020) (citing *Volkswagen II*, 545 F.3d at 316); *see also Correct Transmission LLC v. ADTRAN, Inc*., No. 6:20-CV-00669-ADA, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021) ("[T]his factor is relevant regardless of the method of storage.").

Here, all the relevant sources of physical proof are in the N.D. Cal.  Specifically, the design, development, testing, and implementation of the wireless charging components in the Pixel Products occur in the N.D. Cal., ██████████████████████████████████ ████████████████████████ (Rope Decl. ¶¶ 7–10, 18.)  Further, the U.S. offices of the majority of the third-party suppliers (likely along with their documents and physical samples) are all in the N.D. Cal.  *Supra* Section II.A.  The remaining third-party supplier is in Southern California.  *Id.*  Google is not aware of any relevant documents or physical evidence kept in the W.D. Tex. concerning the design, development, testing, implementation, or marketing and financials, for the accused Pixel Products and wireless charging components.  (Rope Decl. ¶ 17–18.)

In contrast, Google is unaware of relevant sources of proof in the W.D. Tex.  While Google has offices and employees in the W.D. Tex.—specifically, Austin—this does not alter the fact that "the physical documentation relating to the substantive focus of the complaint" comes from Google and third-party vendor "operations in California."  *10Tales*, 2021 WL 2043978, at *2. Further, Plaintiff does not appear to carry any business activities in this District.  *See supra* Section II.C.  Plaintiff has not—and cannot—identify any documents or physical evidence in this District relevant to the claims at issue.  To the extent that any documents or physical evidence important to the adjudication of this dispute exist, they are located in the N.D. Cal.  *See 10Tales*, 2021 WL 2043978, at *2.

Accordingly, this factor favors transfer.  *See In re HP Inc.*, 826 F. App'x 899, 902 (2020) (mandating transfer to the N.D. Cal. where most physical sources of proof were present in the N.D. Cal., and none were in the Eastern District of Texas); *10Tales*, 2021 WL 2043978, at *2 ("Thus, to avoid burdening the defendant with unnecessary transportation costs of physical evidence and documentation, the prudent conclusion is that this factor weighs in favor of transfer.").

### 4.  There Are No Practical Problems With Transferring This Case

"[T]his Court has previously held that the last private interest factor favors transfer when most witnesses are present in the transferee forum and the plaintiff has no presence in the Western District."  *Correct Transmission*, 2021 WL 1967985, at *5.  This factor weighs in favor of transfer because all of the potential Google and third-party witnesses, and physical evidence, are in the N.D. Cal., and Plaintiff has no witnesses or documents in the W.D. Tex.  *See supra* Sections II.A, II.C.

This factor also "considers problems such as those rationally based on judicial economy which will weigh heavily in favor of or against transfer."  *Moskowitz*, 2020 WL 4577710, at *5. So far, here, the Court has not yet entered a scheduling order and the sole pending motion on the

docket is Google's Unopposed Motion to Dismiss Plaintiff's Request for Permanent Injunction. Therefore, overall, this factor favors transfer.

### C.     The Public Interest Factors Also Favor Transfer

#### 1.     The N.D. Cal. Has A Strong Local Interest In This Dispute, While W.D. Tex. Has None

There can be no dispute that the N.D. Cal. has a strong local interest in this case "because the cause of action calls into question the work and reputation of several individuals residing in or near that district." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2008).  Google's founding office and its current global headquarters are in the N.D. Cal.  Google also designed the accused Pixel Products there, and its personnel, documentary records, and ongoing activities relating to the Pixel Products are there.  *Supra* Section I.B.  This strong connection of the accused instrumentalities to the N.D. Cal. means that it has a "far stronger local interest in the case than the Western District of Texas."  *In re Tracfone*, 852 Fed. Appx. at 540; *see Samsung Electronics*, 2 F.4th at 1380 (explaining that N.D. Cal. has "a legitimate interest in adjudicating [patent infringement accused products developed in the district] 'at home'").

This Court held that "the district where a party has its principal place of business typically has a stronger local interest in the adjudication of the case."  *Correct Transmission*, 2021 WL 1967985, at *6 (citations omitted); *see also In re Apple Inc*., 979 F.3d at 1345 (finding transfer appropriate despite Apple's "general presence in WDTX").  Finally, the mere fact that Google makes its services and products available nationally does not automatically establish an interest in having this case tried in the W.D. Tex.  *TS Tech*, 551 F.3d at 1319.  Both the Fifth Circuit and Federal Circuit "ha[ve] unequivocally rejected the argument that citizens of the venue chosen by the plaintiff have a 'substantial interest' in adjudicating a case locally because some allegedly

infringing products found their way into the Texas market." *Nintendo Co.,* 589 F.3d at 1198 (citing *Volkswagen II,* 545 F.3d at 317–18).

By contrast, the W.D. Tex. has neither an interest in protecting Plaintiff's patents, nor any other interest in this case. Plaintiff is not based in this District and does not appear to conduct any form of business in this District. Dkt. 1, ¶ 2. Moreover, Plaintiff has no physical presence in the United States, nor has it conducted any apparent business in the United States. (Vakil Decl. at Exs. 1, 2.) Plaintiff's infringement allegations in its Complaint (*see, e.g.*, Dkt. 1 ¶¶ 8–13, 15–20, 22–27, 29–34) have no connection to the W.D. Tex. that could not also be drawn to any other district. *See Volkswagen II,* 545 F.3d at 318 (noting these types of connections "could apply virtually to any judicial district or division in the United States; it leaves no room for consideration of those actually affected—directly and indirectly—by the controversies and events giving rise to a case"); *Nintendo,* 589 F.3d at 1198 (similar).

"Local interests are not a fiction, and the record evidence here shows a substantial local interest" in the N.D. Cal. *Samsung Elecs. Co.*, 2 F.4th at 1380. Therefore, this factor also favors transfer.

### 2.   The Remaining Public Interest Factors Are Neutral

The remaining public factors are neutral overall.

Regarding potential administrative difficulties and court congestion, the relevant inquiry is "[t]he speed with which a case can come to trial and be resolved[.]" *Genentech*, 566 F.3d at 1347. This Court has streamlined its patent litigation procedures. *Bluebonnet Internet Media Servs., LLC v. Pandora Media, LLC*, No. 6-20-CV-00731-ADA, 2021 WL 3134262, at *7 (W.D. Tex. July 22, 2021) (noting "this Court's Order Governing Proceedings – Patent Case . . . sets patent cases for trial at 52 weeks after *Markman* hearings"). However, "[w]hen assessing the court congestion factor, a court must make its decision on the basis of past data rather than anticipated schedules."

*Koss Corp. v. Apple, Inc.*, 6:20-cv-00665-ADA, Order at 25, ECF No. 76 (W.D. Tex. Apr. 22, 2021) (citing *In re Adobe Inc.*, 823 F. App'x at 932); *see Adobe*, 823 F. App'x at 932 (explaining that "[t]h[is] factor concerns whether there is an appreciable difference in docket congestion between the two forums" not "[a] court's general ability to set a schedule").  The average time to a jury trial for patent cases in the N.D. Cal. and W.D. Tex. (Waco Division) is comparable, *see* (Vakil Decl. at Ex. 18 (recording, for W.D. Tex. (Waco Division) an average time to a jury trial of 23.6 months and median of 23.9 months since January 2016)); *id.* at Ex. 19 (recording, for the N.D. Cal., an average time to a jury trial of 27.4 months and median of 20.1 months since January 2016), with similar overall rates of disposition for patent cases since 2009, *id.* at Ex. 20 (for patent cases from January 2009 to present, noting an average range of: 120 to 264 days to dismissal in the N.D. Cal., and 117 to 305 in the W.D. Tex.; 415 to 918 days to summary judgment in the N.D. Cal. and 388 to 863 in the W.D. of Texas; 699 to 1,196 days to trial in the N.D. Cal. and 675 to 879 days in the W.D. Tex.); *but see id.* (noting that this Court currently has 857 pending patent cases (out of 1,117 pending federal cases) while all of N.D. Cal. has 253 patent cases (out of 14,616 open federal cases) with nineteen active judges).  *Cf. 10Tales*, 2021 WL 2043978, at *5 ("Both parties identified various courts weighing in on the comparative average time to trial between this District and [N.D. Cal.], and these courts have reached different conclusions.").

Nevertheless, court speed is "the most speculative" of the factors in the transfer analysis and, therefore, "should not alone outweigh all of [the] other factors," which, as discussed above, favor transfer in this case.  *Genentech*, 566 F.3d at 1347; *see Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-CV-00432-ADA, 2020 WL 4905809, at *7 (W.D. Tex. Aug. 20, 2020) (granting defendant's motion to transfer to the N.D. Cal. having found that "access to proof, cost of attendance of witnesses, and local interests" favored transfer with "court congestion" weighing

against); *Harland Clarke Holdings Corp. v. Milken*, 997 F. Supp. 2d 561, 587 (W.D. Tex. 2014) ("Given that very few cases proceed to trial and that courts cannot predict how a case might be resolved, 'the speed of the transferee district court should not alone outweigh all of [the] other factors.'" (quoting *Genentech*, 566 F.3d at 1347)).  Most relevant, and least speculative, here, is that "neither discovery nor a Markman hearing have occurred in this case," so "transfer at this stage of litigation would not likely create any meaningful delays."  *10Tales*, 2021 WL 2043978, at *5; *see In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) ("[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer.").  This factor should be neutral at best.

As to familiarity with governing law, both Courts are experienced with applying U.S. patent law, rendering those concerns neutral.  *See TS Tech*, 551 F.3d at 1320.  Further, there is no prospect for any conflict of laws.  Therefore, the last public interest factor is neutral.

## IV.   <u>CONCLUSION</u>

Overall, all of the applicable factors demonstrate that transferring this case to the N.D. Cal. will best serve the parties, witnesses, and Courts.  There is no question that Plaintiff could have brought suit against Google in the N.D. Cal.  This patent dispute has no apparent tie to Texas whatsoever.  On the other hand, all of the relevant Google witnesses and documents are in the N.D. Cal.  Additionally, Google's suppliers for the accused technology have United States offices in California (with two of the three suppliers having their U.S. offices in the N.D. Cal. and thus are within that Court's subpoena power).  For at least the foregoing reasons, the N.D. Cal. is "clearly more convenient" for this litigation than the W.D. Tex., warranting transfer there.

Date: September 22, 2021             Respectfully submitted,

By: *<u>/s/ Bijal V. Vakil</u>*

J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
201 E. Howard St.
Henderson, Texas 75654
(903) 657-8540
(903) 657-6003 (fax)

Bijal V. Vakil (CA Bar No. 192878)
(*admitted to the Western District of Texas*)
Allen & Overy LLP
530 Lytton Ave 2nd Floor
Palo Alto, CA  94301
Telephone: (650) 388-1650
Email:  googlescramoge@allenovery.com

Shamita Etienne-Cummings (CA Bar No. 202090)
(*admitted to the Western District of Texas*)
Allen & Overy LLP
1101 New York Avenue, NW
Washington, DC  20005
Telephone: (202) 683-3800
Email: googlescramoge@allenovery.com

Counsel For Google LLC

## **<u>CERTIFICATE OF CONFERENCE</u>**

Pursuant to Local Rule CV-7(i), counsel for Defendant, Google LLC, conferred with counsel for Plaintiff, Scramoge Technology Limited, on September 22, 2021 in a good-faith effort to resolve the matter presented herein and counsel for Plaintiff stated that it opposed the motion.

*/s/ Bijal V. Vakil*
Bijal V. Vakil

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on September 22, 2021, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system, which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

*/s/ Bijal V. Vakil*
Bijal V. Vakil